UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID MICHAEL WHITE, JR.,

    Plaintiff,

        v.                                          CAUSE NO. 3:24-CV-869-JD-AZ

RON NEAL, LOPEZ, and INDIANA
STATE PRISON,

    Defendants.

OPINION AND ORDER

David Michael White, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges that on Sunday, May 26, 2024, around 8:00 in the morning, he was being escorted back to his cell from recreation by Officer Lopez. While walking up the stairs, White fell backwards and sustained serious injuries to his hip and head, including a concussion. He blames Officer Lopez for not preventing his fall by not

having a firm grip on his arm while walking up the stairs, which is against prison policy.

After his fall, White was treated by medical staff, then taken to an outside hospital to have x-rays and a CAT scan done. Since the accident, White alleges he has experienced severe pain in his hip that makes it very difficult to lay or sleep on his left side. He sues Officer Lopez, Warden Ron Neal, and the Indiana State Prison.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted); *see Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights."). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to an excessive risk to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

White needs to rely on more than a violation of prison policy in order to allege a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42

U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). And he needs more than the fact that he was seriously injured while being escorted by Officer Taylor to state a constitutional claim. He needs to allege facts that allow a reasonable inference that Officer Taylor was consciously aware of a serious risk to White's safety and, despite knowledge of that risk, responded unreasonably. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, White doesn't describe the circumstances surrounding his fall, so there is no basis to conclude that Officer Taylor acted deliberately indifferent to a risk of a fall or other injury.

In addition, there is no basis in the complaint to hold Warden Neal liable for White's injuries. Although he supervises the prison, he can be held responsible only for his own actions, not for the actions of the people he supervises. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." (internal citation omitted)). For a supervisor to be held liable, he must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). There are no allegations in the complaint connecting the Warden to this incident.

Finally, the Indiana State Prison is not a proper defendant. It is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If White believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS David Michael White, Jr. until **April 23, 2025**, to file an amended complaint; and

(2) CAUTIONS David Michael White, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 20, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT