UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-869-JD-AZ |
| LOPEZ, | |
| Defendant. | |

OPINION AND ORDER

David Michael White, Jr., a prisoner without a lawyer, filed a complaint alleging an Eighth Amendment violation after he fell down the stairs at Indiana State Prison. ECF 1. The court concluded his complaint did not state a claim because he did not plausibly allege the circumstances surrounding his fall rose above an accident so as to suggest he faced a serious risk of harm that the escorting officer would have been aware of. ECF 15. He was given the opportunity to file an amended complaint, and he has done so. ECF 17. Under 28 U.S.C. § 1915A, the court must review the merits of that amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

White alleges that the morning of May 26, 2024, he was being escorted by Sergeant Lopez back from recreation to his cell in the segregation unit at Indiana State Prison. White says that he was handcuffed behind his back, and when they were climbing the stairs, Sergeant Lopez refused to hold onto him and help him up the stairs. White slipped and fell down the stairs, resulting in serious injuries. White does not indicate any condition that would have rendered the stairs unsafe.

White says that Sergeant Lopez laughed at him when he fell. White asked the sergeant why he didn't help to keep him from falling, and the sergeant replied that he hoped that White would fall and break his neck. He told White that he has been waiting to get him because White threatened to file grievances on him. IDOC Policies and Procedures specify that whenever a segregation inmate is being escorted out of his cell, he is supposed to be securely cuffed behind his back, and the officer escorting him is to have a firm and secure grip on him. Sergeant Lopez did not hold onto him and help him up the staircase.

These allegations do not state a claim for deliberate indifference under the Eighth Amendment. As White was told before, a violation of prison policy does not, by itself, establish an Eighth Amendment violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He needed to allege facts that allow a reasonable inference that Officer Lopez was consciously aware of a serious risk to White's safety and, despite knowledge of that risk, responded unreasonably. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, the only alleged risk to White's

2

safety was that he was required to walk up the stairs unassisted while handcuffed behind his back. Again, White makes no allegation that the stairs were unsafe due to some external condition or that he needed particular care to navigate the stairs. Without more, his allegations do not amount to a serious risk to his safety. *See Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) (concluding that as a matter of law "a policy requiring inmates during periods of heightened security to navigate stairs while handcuffed behind the back" does not present a sufficiently serious risk of harm under the Eighth Amendment). Officer Lopez's hope that something like this would happen and his satisfaction when it did adds nothing to the objective risk to White's safety. White was given the opportunity to explain how the circumstances surrounding his fall presented a risk beyond simply walking up the stairs unassisted while handcuffed behind his back, but he did not. *See Holmes v. Hamilton*, No. 23-2816, 2024 WL 2789714, at *1 (7th Cir. May 31, 2024) (unreported) (holding that a prison condition poses a sufficient risk of harm to state a constitutional claim when the risk of injury is great and the prisoner cannot avoid the condition, as where some external condition renders the stairs dangerous).

However, the remaining allegations allow a reasonable inference that Officer Lopez was deliberately indifferent to White's serious medical needs after he fell. White alleges that when he fell, he injured his back and hip area and got a bad concussion. White asked Sergeant Lopez to get him medical help, but Sergeant Lopez told him, "I hope you die, bitch." ECF 17 at 4. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To

establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, White has plausibly alleged that his medical needs were serious and Officer Lopez was deliberately indifferent to those needs.

Officer Lopez's liability, though, is limited to causing a delay in White receiving medical attention. White alleges that he was seen by medical, and he was even taken to an outside hospital for x-rays and a CAT scan (though he does not say what those tests revealed). Thus, Officer Lopez can be held responsible only for the harm White experienced from his treatment being delayed. A delay in providing treatment can constitute deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc), *as amended* (Aug. 25, 2016). White will be allowed to proceed on an Eighth Amendment claim against Officer Lopez for deliberate indifference to his serious medical needs by causing a delay in receiving medical treatment following his fall.

In addition, White alleges that after his fall Sergeant Lopez started telling other offenders that White is a "snitch." ECF 17 at 5. He says that Sergeant Lopez told the other offenders that he wants White killed and will pay to have something done to him. Because of this, White asserts that he has been harassed by the other inmates, including having urine thrown in his face by inmates he doesn't even know when he is walking down the range. Sergeant Lopez tells him to his face that he is not safe at Indiana State Prison. These alleged actions—labeling White a snitch and offering inmates money to kill him—were taken with deliberate indifference to White's safety. The Eighth Amendment prohibits a correctional officer from intentionally exposing a prisoner to an excessive risk to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). These allegations fall under that category and resulted in actual harm to White when he was assaulted with urine. He may proceed against Officer Lopez on this claim as well.

The remaining defendants, however, will be dismissed. White alleges that after his injury, he filled out several health care forms about how badly his injuries were affecting him. He says he had severe pain in his hip and head, and his injuries have only been getting worse. The pain is so severe, he says, that he can barely sleep. He has started having problems walking and being able to exercise. His head is constantly throbbing and hurting, but the only medical treatment he gets is Tylenol now and then. White sues four correctional officers— Lieutenant Stone, Officer Everago, Officer White, and Lieutenant Hudson-- alleging that at different points following his fall, he would ask these officers for medical help when he was in a lot of pain, but none of the officers would get him help.

5

White may not proceed against these officers for a denial of medical care. He does not explain why these nonmedical professionals should be held liable for not providing him medical care when the medical professionals did not deem his situation urgent either. As nonmedical officers, custody staff may typically rely on medical staff's judgment regarding whether medical care is being appropriately provided. *See Burks v. Raemisch*, 555 F.3d at 595; *see also Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018) ("When detainees are under the care of medical experts, nonmedical jail staff may generally trust the professionals to provide appropriate medical attention."). White provides no allegations that would allow a reasonable inference that the officers could not trust White's medical needs to be addressed through the healthcare request form process.

Finally, White sues Warden Ron Neal, alleging that the warden knew of the incident and his injuries and failed to take any steps to have him properly taken care of, leaving him with life-long physical and mental injuries. For the same reasons as with the other officers, Warden Neal is entitled to rely on the medical professionals to provide appropriate treatment. *See Miranda*, 900 F.3d at 343. He cannot ignore obvious mistreatment, but White provides no facts about his symptoms that would have alerted Warden Neal that his treatment was clearly inappropriate. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations."). Warden Neal will be dismissed.

For these reasons, the court:

(1) GRANTS David Michael White, Jr., leave to proceed against Officer Lopez in his individual capacity for compensatory and punitive damages for deliberate indifference in causing a delay for White to receive medical treatment following his fall on May 26, 2024, in violation of the Eighth Amendment;

(2) GRANTS David Michael White, Jr., leave to proceed against Officer Lopez in his individual capacity for compensatory and punitive damages for creating a serious risk to his safety by labeling him a snitch and offering to pay inmates to kill him in violation of the Eighth Amendment

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal, Stone, Hudson, White, and Everage;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Lopez at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 17);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Lopez to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

...

SO ORDERED on June 23, 2025

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

USDC IN/ND case 3:24-cv-00869-JD-AZ   document 18   filed 06/23/25   page 8 of 8